**ALBERT Y. DAYAN**     80-02 Kew Gardens Rd., # 902, Kew Gardens, N.Y. 11415
Attorney at Law         Tel: (718) 268-9400:    Fax: (718) 268-9404

May 17, 2012

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ MAY 22 2012 ★
BROOKLYN OFFICE

Hon. Jack B. Weinstein
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, N.Y. 11201

*[Handwritten annotation: The motion to reconsider is denied. No oral argument is required. No basis in fact or law supports the motion. So ordered. JBWeinstein 5/20/12]*

Re: United States v. Boris Sachakov
    11 Cr. 120 (JBW)

Dear Judge Weinstein:

Please accept this letter as a motion to reconsider/reargue Dr. Sachakov's motion to dismiss the indictment on speedy trial grounds. By memorandum and order dated September 20, 2011 this Court granted, in part, defendant's motion to dismiss on such grounds. That dismissal, however, was without prejudice and it is that determination that we now address.

In assessing the factors that must be taken into account in determining whether to dismiss the case with or without prejudice the district court must consider whether the prosecution's delay prejudiced the defendant. United States v. Taylor, 487 U. S. 326 , 343 (1988). And, by no means is the term "prejudice" in the speedy trial context confined to impairment of the defense on the merits such as the loss of witnesses or documents due to the delay. Indeed, the notion that prejudice is so limited was explicitly rejected by the United States Supreme Court in Moore v. Arizona, 414 U.S. 25 (1973)(per curiam), where the Court noted that inordinate delay "wholly aside from possible prejudice to a defense on the merits, may 'seriously interfere with the defendant's liberty, whether he is free on bail or not and ... may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends.'" And, personal prejudice to a defendant in terms of significant "psychological" stakes, United States v. Roberts, 515 f.2d 642 (2 cir. 1975), exacerbation of 'severe anxiety reaction," United states ex rel. Stukes v. Shovelin, 464 F.2d 1211 (3rd Cir. 972), or "acute anxiety and depression," United States v. Dreyer, 533 F.2d 112 (3rd Cir. 1976), resulting from unexcused delay is clearly one of the evils against which the speedy trial rule is designed to protect.

Here, in the treatment of the prejudice factor, the Court's analysis looked, in the main, to the question of whether Sachakov's defense on the merits was impaired. The question of whether he was personally prejudiced by the diminishment of his psychological well-being was not spoken to - no doubt for the reason that that issue had not been raised at that time. As the Court ruled:

> Dismissal without prejudice will not prejudice the defendant. Defense counsel requested several continuances to give it more time to prepare for trial -- including the continuances that ultimately resulted in the Speedy Trial Act violation. The delay in bringing the



defendant to trial has thus not impeded his defense. To the contrary, it has given counsel more adequate time to prepare that defense. The proceedings have been delayed less than six months. This delay is not so great that it is likely to interfere with the memories or availability of any witnesses. Moreover, much of the case will be based on documents.

Because the defendant is currently out on bail, the delay in bringing him to trial has not unduly inconvenienced him. While he remains subject to pretrial supervision, this burden is not so great as to require this court to dismiss the health care fraud charges with prejudice.

But, the deterioration of Dr. Sachakov's psychological state due to the continuation of the prosecution was later brought to the attention of all parties by the October 6, 2011 letter from defendant's psychiatrist and his follow-up note on October 12th. As the psychiatrist described the situation:

> Based on my evaluation of [Dr. Sachakov's] psychiatric status in a two hour interview last night, he has significant depression. Related to this psychiatric disorder, his capacity to make rational decisions is significantly reduced from what it had been.
>
> A period of time without the stress of participation in a criminal prosecution is required for improvement of his psychiatric disorder and his decision making capacity. That duration is estimated as one to two months.
>
> The patient first came to see me in 2006. He presented with severe depression. The relationship with a woman was a major precipitant.
>
> His psychiatric condition improved within months related to the use of antidepressant medication.

In the follow-up the psychiatrist elaborated:

> It is my wish that [my October 6, 2011] letter be presented to the judge assigned to the case of Dr. Sachakov. It states my patient, Dr. Sachakov, is so depressed that involvement NOW [sic] with a legal case will prolong the duration of the current severity of the psychological illness.
>
> The degree of psychiatric illness is so extreme; he cannot make rational decisions now about plea-bargaining. The prosecution made him an offer of 5-7 years incarceration or going to trial on 1/28/11. There was a deadline in accepting a plea bargain.
>
> My goal is to postpone for two months his further involvement with the legal process, including decisions about plea-bargaining or a trial. After that interval, he is expected to improve psychiatrically so that he can more easily make decisions.

On October 11, 2011, on the basis of the above, the Court ordered a hearing on the matter to be held on October 27th.

Inexplicably, however, the prosecutor scheduled arraignment on the superseding indictment to be held on October 18th before Magistrate Go. Despite the fact that the Magistrate was presented with the psychiatrist's letters describing defendant's mental state; despite the fact that a hearing as to the issues raised by those letters was just days away; despite

the repeated requests of both Sachakov and defense counsel that the arraignment be postponed; and despite Dr. Sachakov's confused and bizarre conduct before and during the arraignment; the Magistrate and prosecutor insisted, without any apparent justification, that the arraignment go forward. The full flavor of the arraignment spectacle can be appreciated only by a reading of the transcript which is attached as an exhibit.*

In addition to this vivid evidence of the diminishment of Dr. Sachakov's mental state manifested during the arraignment, diminishment that had occurred with the delay in the proceedings, even the government's psychiatric expert agreed that defendant was impaired, suffering from Major Depression, Recurrent, Severe without Psychotic Features, Generalized Anxiety Disorder with Schizoid, depressive and borderline personality features. (See 12/21/2011 psych-Legal Evaluation by N.G. Berrill, Ph.D., consulting Forensic Psychologist.) And, that expert did not call into question the conclusion of Dr. Sachakov's psychiatrist's that the defendant's mental condition had worsed during and as a result of the pendency of the case. As he testified;

Defense Counsel: You had seen the progression in Dr. Sachakov's condition?

Dr. Doft: Yes.

Defense Counsel: Would it be fair to say that the progression had gotten most acute during the pendency of this case.

Dr. Doft: I think it got worse or most acute with what has gone on in terms of this case.

(Hearing, 2/17/12, p. 68.)

For the above-noted reasons it is respectfully requested that the court consider the issue of personal prejudice that accrued to Dr. Sachakov as the result of the prosecution's unwarranted delay in proceeding to trial.

Respectfully submitted,

Albert Y. Dayan

---

\* The prosecution seeks to take unfair advantage of this unfortunate situation by offering <u>excerpts</u> from the transcript of the arraignment as admissions by defendant. We will address this issue separately.