U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York   11201*

June 6, 2012

VIA ECF

Honorable Jack B. Weinstein
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

>    Re:   United States of America v. Boris Sachakov, M.D.
>          Cr. No. 11-120 (S-2)

Dear Judge Weinstein:

    Please accept this letter as an opposition to defendant Boris Sachakov's June 5, 2012 letter, which objects to part of the Court's proposed jury charge.

    Defendant makes a belated[i] objection to a portion of the Court's proposed charge which, after defining "knowingly, "willfully," and "intent to defraud," explains to the jury that "willfulness, knowledge, and fraudulent intent can be inferred" from certain evidence, which is then summarized.  PROPOSED JURY CHARGE [DRAFT 5/30/12] at 17-18.  Defendant does not appear to question the principle that a summarizing instruction which states a rule of law in the context of the evidence is proper, see Honorable Jack B. Weinstein, The Power and Duty of Federal Judges To Marshall And Comment on the Evidence in Jury Trials and Some Suggestions on Charging Juries, 118 F.R.D. 161, 172, 173 (1988).[ii]  Instead, the defendant seeks to have the instruction modified.

    The portion of the Court's proposed charge to which the defendant now objects reads as follows:

> To act with intent to defraud means to act knowingly, willfully, and with the intent to deceive for the purpose of causing some financial loss to another. Willfulness, knowledge,

1

and fraudulent intent can be inferred from: efforts to conceal unlawful activity; misrepresentations; the extent of defendant's participation in, familiarity with, and involvement in billing; the inadequate documentation of procedures billed for; failure to document or perform the procedures billed for; false representations by the defendant to representatives of an insurer when questioned about complaints; evidence of indifference to the truth of statements; continued improper billing and receipt of payments even after being informed of billing problems; profiting from the activity; and any actions or failures to act which indicate a consciousness of guilt.  Remember that proof of mere negligence or incompetence is not sufficient. The burden is on the government.

Defendant first seeks to have "willfulness" and "knowledge," which are mentioned in the first sentence of the Court's instruction, deleted from the second sentence. June 5, 2012 Letter at 1. However, the defendant cites no precedent nor does he offer any reason or rationale for doing so. The Court's instruction provides guidance to the jury on use of inferences. Given that knowledge, willfulness and fraudulent intent are all routinely established by inference, they should all be retained in the instruction. See United States v. Singh, 390 F.3d 168, 188 (2d Cir. 2004) (fraudulent intent); United States v. MacPherson, 424 F.3d 183, 189 (2d Cir. 2005) (knowledge and intent); United States v. Schiff, 612 F.2d 73, 77-78 (2d Cir. 1979) (willfulness).  In addition, the instruction itself defines "intent to defraud" to mean and include a knowing and willful act. The case law makes clear that fraudulent intent can be inferred from, among other facts, "proof of knowledge". See United States v. Davis, 490 F.3d 541, 549 (6th Cir.2007) (internal citations and quotation marks omitted); accord United States v. Dearing, 504 F.3d 897 (9th Cir. 2007) (citing Davis); United States v. Beverly, 284 Fed. Appx. 36, at *3-*4 (4th Cir. 2008) (citing Davis). Thus, it would be illogical, confusing and misleading to delete "knowledge" and "willfulness" from the second sentence.

The reason defendant seeks to delete "knowingly" and "willfully" becomes clear from his second argument.  Defendant contends that certain of the evidence should be omitted from the summary because it "is not indicative of fraudulent intent" and it is not "in itself a fraudulent act and a sufficient basis for conviction."  June 5, 2012 Letter at 2.[iii]  On this point, defendant seeks to have deleted from the instruction that the jury may consider "the inadequate documentation of procedures billed for; failure to document or perform the procedures billed for."  But it is not necessary that an item of evidence *by itself* prove the ultimate fact (in this instance, fraudulent intent).  Defendant's knowledge that the medical procedures were not performed is one of many facts from which, in combination, a jury might infer knowledge.  See United States v. Perez, 325 F.3d 115, 130 (2d Cir. 2003) (inference of knowledge permissible from combination of facts). During this trial, the Government proved the defendant's knowledge that the medical procedures were not performed by circumstantial evidence, for example, defendant's failure to document the procedures. See United States v. Canon, 141 Fed. Appx. 398, 405 (6th Cir. 2005) (upholding doctor's conviction under 18 U.S.C. § 1347 because government witness testified that patient records did not support the doctor's use of billing codes and "a rational jury could infer a failure to perform from a failure to document"). Hence, it is proper to include in the jury charge facts from which an inference of knowledge is permissible.

2

Defendant's next proposed deletion is to remove the instruction that the jury may consider evidence of his "profiting from the activity."[iv] Once again, defendant seeks to have the jury consider only evidence which directly proves the ultimate fact. It should be noted that the instruction in question is designed to aid the jury in examining the circumstantial evidence which would support a finding of fraudulent intent. While a defendant who does not profit from a scheme might point to that as evidence of lack of intent to defraud, see United States v. Dohan, 508 F.3d 989, 993 (11th Cir. 2007) (jury instruction adequately informed jury that objective factors of repayment and lack of profit were indicative of lack of intent), evidence that a defendant did in fact profit from a scheme is probative of fraudulent intent, as the Courts of Appeals have recognized. See United States v. Dearing, 504 F.3d 897 (9th Cir. 2007) (fraudulent intent can be inferred from, *inter alia*, profits) (citing United States v. Davis, 490 F.3d 541, 549 (6th Cir.2007); United States v. Beverly, 284 Fed. Appx. 36, at *3-*4 (4th Cir. 2008) (same, citing Davis).

Defendant's proposal to delete the instruction that "false representations by the defendant to representatives of an insurer when questioned about complaints" on the ground that "it too closely supports the government's position at trial," is contrary to case law. Indeed, the case law supports *incorporating the evidence* in the instruction for purposes of clarity. See United States v. Maguire, 918 F.2d 254, 268 (1st Cir. 1990) ("It is well established that the trial judge is not limited to instructions in the abstract. The judge may explain, comment upon and incorporate the evidence into the instructions in order to assist the jury to understand it in light of the applicable legal principles."); Weinstein, 118 F.R.D. at 173.

For the foregoing reasons, the Court should retain the proposed instruction without alteration.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By: _____/s/_____
William C. Pericak
Assistant Chief
Sarah M. Hall
Trial Attorney

cc: Albert Dayan, Esq. (via ECF)

---

[i] On May 30, 2012, the Court discussed the proposed charge with the parties, and ruled on additional requests and objections, Tr. at 783-93, then issued a revised charge, PROPOSED

JURY CHARGE [DRAFT 5/30/12]. At the end of the next trial day, the Court noted that "we have the jury charge said [sic] [should be settled?], unless there's something to be said. We have agreed on the charge. There should be very little to do tomorrow, in addition to argument." Tr. at 928. The defense made no objection at that time. However, on the morning of closing arguments, on June 4, 2012, defense counsel advised that he was now objecting to this portion of the charge.

[ii] This Court discussed the desirability of summarizing instructions in the article, noting:

> There are at least six different ways in which the court can summarize. . . . A sixth possibility is that the court could state the rules of law in the context of the evidence. This is probably the most often used method of summation by judges. The judge may simply state the rules of law in the jury charge, and illuminate them with examples from the evidence presented in the case. This is really the minimum that the jury can expect from the court. Mere abstract statements of general rules from the chargebooks may leave all but the most sophisticated and quick-witted jurors without any effective guidance.

118 F.R.D. at 172, 173; Accord Honorable Edward J. Devitt, Ten Practical Suggestions About Federal Jury Instructions, 38 F.R.D. 75, 78 (1965) ("A federal judge, in addition to stating the law, may summarize and comment on the evidence. **He should do so**. This commendable common-law practice, while no longer permitted in the courts of most of the states, is not sufficiently used in the federal courts today.") (emphasis added).

[iii] Specifically, defendant argues, "That part of the original charge that relates to failure to document or inadequately document the procedures billed for, we would urge, respectfully is inappropriate. While it may be argued that failures or inadequacies in documentation might be considered on the issue of whether a procedure was in fact performed, we see no basis upon which to conclude that such failures are, in themselves, indicative of fraudulent intent. And, the original charge on documentation suggests that mere inadequate documentation is in itself a fraudulent act and a sufficient basis for conviction, which, of course, it is not." June 5, 2012 Letter, at 2.

[iv] Defendant argues, "With regard to the instruction that "profiting from the activity" is indicative of fraudulent intent, such an instruction is far too broad. While profiting from activity that is known or believed to be unlawful may indicate fraudulent intent, merely profiting from the activity would not." June 5, 2012 Letter, at 2.